Youssef Hammoud
CA Bar No. 321934
Hammoud Law, P.C.
206 W. 4th Street, 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
yh@lawhammoud.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JACOB BERGERON,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | **Case No.:**<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**<br><br><br><br>DEMAND FOR JURY TRIAL |

Plaintiff Jacob Bergeron ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against defendant Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("TransUnion"), and Experian Information Solutions, Inc. ("Experian") (all collectively, the "Defendants"), and alleges, based

COMPLAINT AND DEMAND FOR JURY TRIAL

upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2. The Defendants have reported and continue to report inaccurate information concerning Plaintiff's credit history, namely, that Plaintiff is deceased.

3. As discussed below, such reporting has harmed and continues to harm Plaintiff.

## PARTIES

4. Plaintiff is a natural person that resides in Santa Clara County, California and qualifies as a "consumer" as defined and protected by the FCRA.

5. Defendant Equifax is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f). Equifax is authorized to do business in this state, regularly conducts business in this judicial district, and maintains its principal place of business at 1550 Peachtree Street, NW, Atlanta, Georgia 30309. Equifax can be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

6. Defendant TransUnion is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f). TransUnion is authorized to do business in the

COMPLAINT AND DEMAND FOR JURY TRIAL

State of North Carolina, regularly conducts business in this judicial district, and maintains its principal place of business located at 555 West Adams, Chicago, Illinois 60661. TransUnion can be served through its registered agent, Prentice Hall Corporation, at 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. Defendant Experian is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f). Experian is authorized to do business in this state, regularly conducts business in this judicial district, and can be served at its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred in this district.

## DIVISIONAL ASSIGNMENT

10. Pursuant to Civil Local Rule 3-2(c), this case should be assigned to the San Jose Division because a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred in Santa Clara County.

COMPLAINT AND DEMAND FOR JURY TRIAL

## STATEMENT OF FACTS

11. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

12. To that end, the FCRA imposes the following twin duties on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

13. The FCRA provides consumers with a private right of action against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations.

14. During the years 2020 and 2021, Plaintiff, a single father of three children, has been struggling with keeping up with his debt obligations due to, in part, the financial difficulties created by circumstances related to the Covid-19 pandemic.

COMPLAINT AND DEMAND FOR JURY TRIAL

15. However, Plaintiff was and is aware of the necessity to maintain a strong credit standing in order to secure a financial future for himself and his children.

16. Accordingly, Plaintiff decided to apply for extensions of credit in order to rebuild and strengthen his credit.

17. Towards the middle of the year 2021, Plaintiff applied for a credit card with Capital One Bank USA, N.A. ("Capital One") to strengthen his credit standing and benefit from the extended purchasing ability afforded by credit, but Plaintiff was advised that his application was denied because he was being reported as deceased.

18. Plaintiff was confused, as he was clearly not deceased.

19. Thereafter, Plaintiff accessed his consumer reports produced by the Defendants by submitting a request for his consumer reports through annualcreditreport.com, and Plaintiff found that all three of the Defendants were reporting that he was deceased.

20. Plaintiff thought this reporting must have been a mistake, as he clearly was not deceased, and that the Defendants would resolve the error on their own.

21. On or about December 13, 2021, Plaintiff again attempted to access his consumer reports produced by the Defendants by submitting a request for his consumer reports through annualcreditreport.com.

COMPLAINT AND DEMAND FOR JURY TRIAL

22. In response to Plaintiff's request submitted through annualcreditreport.com, Experian sent Plaintiff a consumer report dated January 18, 2022.

23. The January 18, 2022 Experian consumer report demonstrated that Experian was reporting Plaintiff as deceased in multiple ways, including, without limitation, on the following tradelines: (i) two separate American Express tradelines; (ii) a Capital One tradeline; (iii) a Comenity Capital Bank tradeline; (iv) a Discover Financial Services tradeline; (v) a Kohls Department Store tradeline; and (vi) a Wells Fargo tradeline.

24. Likewise, in response to Plaintiff's request submitted through annualcreditreport.com, TransUnion sent Plaintiff a consumer report dated January 19, 2022.

25. The January 19, 2022 TransUnion consumer report demonstrated that TransUnion was reporting Plaintiff as deceased in multiple ways, including, without limitation, on the following tradelines: (i) two separate American Express tradelines; (ii) a Capital One tradeline; (iii) a Comenity Capital Bank tradeline; (iv) a Wells Fargo tradeline; (v) a Discover Financial Services tradeline; and (vi) a Kohls Department Store tradeline.

26. Equifax, however, failed to properly respond to Plaintiff's request submitted through annualcreditreport.com.

COMPLAINT AND DEMAND FOR JURY TRIAL

27. By a letter dated December 17, 2021, Equifax stated that Equifax had received Plaintiff's request for a copy of his free credit report from Equifax, but that "[o]ur records indicate that a free copy of your credit file already has been sent to you within the past 12 months," and that Plaintiff could instead purchase a copy of his credit file from Equifax.

28. Accordingly, Equifax refused to send Plaintiff a free copy of his consumer report, despite multiple public representations made by Equifax stating that they, like Experian and TransUnion, would be offering free consumer reports on a <u>weekly</u> basis to consumers as a service to assist with financial difficulties related to the Covid-19 pandemic, and that this service would extend through the end of the year 2022.[1]

29. Despite Equifax's failure to respond to Plaintiff's valid request for a consumer report, Equifax's records maintained on myEquifax.com demonstrate that Equifax reported Plaintiff deceased on a number of tradelines.

---

[1] *See, e.g.,* https://investor.equifax.com/news-events/press-releases/detail/1207/equifax-experian-and-transunion-extend-free-weekly-credit (stating "[t]he three nationwide credit reporting agencies [including] Equifax . . .are taking joint action to extend the pandemic response service offering free weekly credit reports to consumers through the end of 2022") (last checked February 11, 2022); *see also* https://www.equifax.com/personal/education/credit/report/how-to-get-your-free-credit-report/ (stating "[p]lease note during COVID until April 20, 2022, you are currently eligible to receive free weekly credit reports online through www.annualcreditreport.com") (last checked February 11, 2022).

COMPLAINT AND DEMAND FOR JURY TRIAL

30. Equifax's records maintained on myEquifax.com demonstrate that, as of January 18, 2022, Equifax was reporting that Plaintiff was deceased on a number of tradelines, including, without limitation, a Capital One tradeline and a Wells Fargo tradeline.

31. Further, Equifax's records maintained on myEquifax.com demonstrate that, as of February 2, 2022, Equifax was reporting that Plaintiff was deceased on a number of tradelines, including, without limitation, an American Express tradeline, two separate Capital One tradelines (one related to a Kohl's credit account issues by Capital One), and a Discover Bank tradeline.

32. Plaintiff was stupefied at the Defendants' reporting.

33. It was clear from Plaintiff's request submitted through annualcreditreport.com, as well as based on the active credit records concerning Plaintiff maintained by each of the Defendants, that Plaintiff was not deceased.

34. Nevertheless, Plaintiff once again presumed that the Defendants would resolve the nonsensical and inaccurate reporting.

35. In an abundance of caution, on or about January 27, 2022, Plaintiff called the Social Security Administration to determine if he was recorded as deceased in their records, and the Social Security Administration representative confirmed that the Social Security Administration had no record of Plaintiff being deceased.

COMPLAINT AND DEMAND FOR JURY TRIAL

36. On or about February 1, 2022, Plaintiff once again applied for a credit card with Capital One in order to strengthen his credit standing and benefit from the extended purchasing ability afforded by credit.

37. However, by letter dated February 1, 2022, Capital One advised Plaintiff that, based on the information that Defendants provided to Capital One by the Defendants, "[the] applicant is reported as deceased."

38. Accordingly, the Defendants' reporting has harmed Plaintiff financially, as Plaintiff, who is a single father of three, would greatly benefit from the ability to properly strengthen and rebuild his credit for purposes of further benefitting from extensions of credit in the future, but was unable to do so.

39. Plaintiff has refrained from applying for credit out of a legitimate fear that his credit applications would be denied due to the inaccurate and seemingly unresolvable inaccurate reporting.

40. Moreover, Plaintiff has suffered significant emotional distress as a result of the Defendants' violations.

41. Plaintiff is distressed that he will not be able to succeed in life without the benefit of credit.

42. In addition, Plaintiff wishes to secure a financially stable future for his children, but he feels he cannot do so without the benefit of credit.

COMPLAINT AND DEMAND FOR JURY TRIAL

43. The Defendants' reporting has caused Plaintiff to suffer from significant stress, anxiety, and feelings of being financially and emotionally lost.

44. The Defendants' reporting and the circumstances that Defendants' reporting have caused is constantly on Plaintiff's mind, to the extent that Plaintiff's concerns keep Plaintiff awake at night and cause Plaintiff to lose sleep.

45. The Defendants had constructive notice that Plaintiff is not deceased by way of his requests for his consumer reports submitted via annualcreditreport.com, as deceased persons do not submit requests for copies of their consumer reports.

46. The Defendants had additional constructive notice that Plaintiff is not deceased, as Plaintiff had incurred credit inquiries and had active updates to his credit accounts, and deceased persons do not incur credit inquiries nor do they have active updates to their credit accounts.

47. Upon information and belief, at no point did the Defendants access any information from the Social Security Administration in order to verify whether Plaintiff was actually deceased.

48. Moreover, although the Defendants reported that Plaintiff was deceased, they continued to sell consumer reports concerning Plaintiff to third-parties.

49. The Defendants' violations of the FCRA were willful. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

COMPLAINT AND DEMAND FOR JURY TRIAL

50. Alternatively, the Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

51. In any event, each of the Defendants are individually liable for Plaintiff's reasonable attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## CAUSES OF ACTION

### COUNT I

**Against Equifax, TransUnion, and Experian**

**for Violations of the FCRA, 15 U.S.C. §§1681e**

52. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

53. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure **_maximum possible accuracy_** of the information concerning the individual about whom the report relates.

15 U.S.C. §1681e(b) (emphasis added).

54. Defendants violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to ensure maximum possible accuracy of the information they reported concerning Plaintiff.

55. Specifically, the Defendants violated 15 U.S.C. § 1681e(b) by repeatedly reporting that Plaintiff was "deceased" without verifying the accuracy of that information and while they were on notice that Plaintiff was not deceased.

56. Moreover, the Defendants violated 15 U.S.C. § 1681e(b) by failing to maintain procedures that prevented them from marking Plaintiff as "deceased" while simultaneously selling Plaintiff's information to third parties and reporting ongoing credit transactions.

57. The Defendants' violations were a direct and proximate cause of Plaintiff's injuries, as alleged herein, and the Defendants are therefore liable to Plaintiff for their negligent and/or willful failures to follow reasonable policies and procedures.

COMPLAINT AND DEMAND FOR JURY TRIAL

58. As a result of the Defendants violations of 15 U.S.C. § 1681e(b), Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages as allowed by 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorney's fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

COMPLAINT AND DEMAND FOR JURY TRIAL

Dated: <u>February 25, 2022</u>

<u>/s/ Youssef Hammoud</u>
Youssef Hammoud
CA Bar No. 321934
Hammoud Law, P.C.
206 W. 4th Street, 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
yh@lawhammoud.com

*Attorney for Plaintiff*

COMPLAINT AND DEMAND FOR JURY TRIAL